# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>SURYAKANT and MAUNA PATEL,<br><br>    Defendants.<br>_____/ | Case No. 1:06-cv-1373-LJO-NEW (TAG)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES<br>(Doc. 16) |

    Plaintiff Jeff Haworth's Motion to Compel Answers to Interrogatories came on for hearing on June 25, 2007 at 9:30 a.m. before United States Magistrate Judge Theresa A. Goldner. Thomas N. Stewart, III appeared telephonically on behalf of Plaintiff. Frank A. Weiser appeared telephonically on behalf of Defendants Suryakant and Mauna Patel. The Court has read and considered the pleadings, considered the arguments of counsel, and makes the following ruling.

    Plaintiff moves this Court for an order requiring an order compelling answers to Interrogatories (Set One) (the "Interrogatories") propounded upon Defendant Mauna Patel. Plaintiff does not seek sanctions. (Court Docs. 16, 18). Defendant Mauna Patel has allegedly failed to provide responses to the Interrogatories, despite Plaintiff's repeated requests, and has failed to respond in writing to Plaintiff's Motion to Compel Answers to Interrogatories.

**FACTUAL BACKGROUND**

    Plaintiff filed this action seeking relief for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq on October 3, 2006. (Court Doc. 1). On November 27, 2006, Defendants Suryakant Patel and Mauna Patel answered the complaint. (Court Doc. 6). Discovery cut-off is January 1, 2008, the pretrial conference is set for July 30, 2008, and

1 trial is set for September 8, 2008.  (Court Doc. 15).

2      On January 4, 2007, Plaintiff served Defendant Mauna Patel with the Interrogatories.
3 (Court Docs. 18, 18-2).  Defendant Mauna Patel did not respond to the Interrogatories. On May 7,
4 2007, Plaintiff's counsel served a Notice of Motion to Compel Answers to Interrogatories, and on
5 June 6, 2007 he faxed a "meet and confer" letter to Defendants' counsel.  On June 13, 2007,
6 Defendants' counsel promised to respond to the motion; however no response was made. On June
7 19, 2007, Plaintiff's counsel faxed a second "meet and confer" letter to Defendants' counsel.  On
8 June 19, 2007, Defendant's counsel left voice mail messages for Plaintiff's counsel, stating that
9 (1) he had been sick; (2) the notice did not disclose the time of place of the motion hearing; and (3)
10 he had a conflict with the hearing; and (4)  requesting  that Plaintiff's counsel file documents
11 showing that Defendants' counsel was sick. On June 20, 2007, Plaintiff's 's counsel faxed
12 Defendant's counsel a third meet and confer letter. To date, Defendant Mauna Patel has failed to
13 respond to the Interrogatories.

14      Defendants' counsel appeared by telephone at the June 25, 2007 hearing on the motion to
15 compel,  and advised the Court that he has been ill.  Plaintiff does not seek sanctions, only an order
16 compelling Defendant Mauna Patel to respond to the Interrogatories  that were propounded to her
17 more than five months ago.

## ANALYSIS & DISCUSSION

**A.  Discovery overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," <u>United States v. Procter & Gamble</u>, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, <u>Hickman v. Taylor</u>, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the

court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.     Interrogatories**

Functions of interrogatories include obtaining evidence, information which may lead to evidence and admissions, and to narrow issues to be tried.  United States v. West Virginia Pulp and Paper Co., 36 F.R.D. 250, 252 (S.D. N.Y. 1964).  The party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a).  Fed. R. Civ. P. 33(b)(1) requires an interrogatory to be answered "fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."  "The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33(b)(3).

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996).  If a responding party is unable to supply requested information, "the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Hansel, 169 F.R.D. at 305 (quoting Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)).  Fed. R. Civ. P. 33 "is to be given a broad and liberal interpretation in the interest of according to the parties the fullest knowledge of the facts and of clarifying and narrowing the issues." West Virginia Pulp and Paper Co., 36 F.R.D. at 252.

"All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived . . ." Fed. R. Civ. P. 33(b)(4).  The propounding

1 party may seek an order to compel further responses regarding "an objection to or other failure to
2 answer an interrogatory." Fed. R. Civ. P. 33(b)(5); <u>see</u>, Fed. R. Civ. P. 37(a)(B).

3     Defendant Mauna Patel has failed to comply with her discovery obligations under Fed. R.
4 Civ. P. 33 by failing to answer or respond to the Interrogatories. In the absence of these responses,
5 Plaintiff is unable to effectively prosecute his claims and thus is prejudiced. (Court Doc. 18).
6 Plaintiff is entitled to the information that Defendant Mauna Patel has failed to provide.
7 Accordingly, it is hereby ordered that Defendant Mauna Patel shall provide answers to the
8 Interrogatories, on or before July 10, 2007. Moreover, any objections to the Interrogatories were
9 waived by Defendant Mauna Patel's failure to timely respond to the Interrogatories. Fed. R. Civ.
10 P. 33(b)(4). Therefore, Defendant Mauna Patel's answers to the Interrogatories shall be made
11 without objection.

12 **ORDER**

13     Based on the foregoing, the Court GRANTS Plaintiff's Motion to Compel Answers to
14 Interrogatories as follows:

15     1.    The Motion to Compel Answers to Interrogatories is GRANTED (Court
16         Doc. 16); and

17     2.    Defendant Mauna Patel is ordered to serve answers to Plaintiff's
18 Interrogatories, Set One, without objections, on or before July 10, 2005.

19 **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE**
20 **IMPOSITION OF SANCTIONS, INCLUDING, WITHOUT LIMITATION, MONETARY**
21 **SANCTIONS, AND/OR A RECOMMENDATION THAT ISSUE OR TERMINATING**
22 **SANCTIONS BE IMPOSED AGAINST DEFENDANT MAUNA PATEL.**

23
24 IT IS SO ORDERED.
25 Dated:   **June 25, 2007**                                 **/s/ Theresa A. Goldner**
26                                                          UNITED STATES MAGISTRATE JUDGE
27